UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>ERNESTO ANDRADE GROUP,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 23 Misc. 424 |

### *EX PARTE* APPLICATION OF ERNESTO ANDRADE GROUP FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Applicant ERNESTO ANDRADE GROUP ("Applicant"), by and through its undersigned counsel, Jenner & Block LLP, respectfully submits this Application, along with a Memorandum of Law, Declaration of Antonio de Pádua Soubhie Nogueira, executed on October 31, 2023, and Declaration of Emily S. Mannheimer executed on November 7, 2023 with accompanying Exhibits, for judicial assistance pursuant to 28 U.S.C. § 1782, in obtaining documentary evidence for use in a foreign proceeding. Applicant seeks evidence from: Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Bank of America, N.A.; Wells Fargo Bank, N.A. (collectively the "New York Banks"); and The Clearing House Payments Company, LLC ("TCH") (together, the "Respondents"), each of which is found in this District.

This request is substantially similar to the request of Banco Santander (Brasil) S.A. in *In re Banco Santander Brasil S.A.*, No. 22-MC-00022 (S.D.N.Y.), which was previously granted by this Court. *See In re Banco Santander (Brasil) S.A.*, No. 22-MC-00022, 2022 WL 1546663, at *2-3 (S.D.N.Y. Apr. 6, 2022).

1

Applicant satisfies each of the three statutory requirements set forth in 28 U.S.C. § 1782. *First*, the Respondents from whom discovery is sought are each found within the Southern District of New York. *Second*, the discovery sought by Applicant is "for use" in connection with claims in pending proceedings before the court of São Paulo in Brazil described in the accompanying Declaration of Antonio de Pádua Soubhie Nogueira (the "Foreign Proceedings").[1] *Third*, Applicant is an "interested person" within its capacity as plaintiff in the Foreign Proceedings.

Further, each of the discretionary factors established in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-67 (2004), militates in favor of granting this Application. *First*, there is no expectation that any of the Respondents from whom discovery is sought will be participants in the Foreign Proceedings and, as such, this Application constitutes the only practical and timely method for obtaining the needed evidence for use there. *Second*, there is no indication that the foreign tribunal would be unreceptive to the evidence. *Third*, the documentary and testimonial evidence sought through the instant Application would likely be admissible in the Foreign Proceedings and does not otherwise circumvent any proof-gathering restriction under the laws of Brazil.

*Fourth*, the discovery sought through this Application is not unduly intrusive or burdensome because it is of limited scope and is the same discovery sought and ordered in *In re Banco Santander*. To wit, the proposed requests to the Respondents seek limited records relating to wire transactions for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or where the Respondents otherwise facilitated interbank funds transfers related to the Foreign Defendants, as well as documents

---

[1] Unless otherwise indicated, capitalized terms or names not otherwise defined herein shall have the meaning ascribed to them in the Declaration of Antonio de Pádua Soubhie Nogueira executed on October 31, 2023.

relating thereto, for the period from July 27, 2016 to the present. The same requests have already been served by Banco Santander pursuant to this Court's opinion and order in *In re Banco Santander*, 2022 WL 1546663. It will not be intrusive or burdensome for Respondents to provide the same discovery in connection with this case.

In addition, Applicant respectfully requests that it not be required to serve the Application upon: (i) the Foreign Defendants, (ii) the Subpoena Subjects, or (iii) the Respondents. Applicant further requests that, should the Court grant this Application, Applicant not be required to serve: (i) the Foreign Defendants, or (ii) the Subpoena Subjects, with the order granting the Application or the subpoenas issued to the Respondents. The chance that the Foreign Defendants or the Subpoena Subjects will tamper with evidence upon notice of the Application justifies an exception to the usual requirement that notice be given. *See id.* at *2; *In re Investbank PSC*, No. 20-mc-260, 2020 WL 8512850, at *2 (S.D.N.Y. Dec. 30, 2020); *In re Hornbeam Corp.*, No. 14-mc-424, 2015 WL 13647606, at *5 n.14 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018).

Accordingly, for the reasons described in the accompanying Memorandum of Law, Declaration of Antonio de Pádua Soubhie Nogueira, and Declaration of Emily S. Mannheimer with accompanying Exhibits, Applicant respectfully requests that the Court issue an Order in the proposed (or substantially similar) form as filed with this Application: (1) granting judicial assistance pursuant to 28 U.S.C. § 1782, (2) authorizing Applicant to serve subpoenas in substantially similar form as attached hereto as Exhibit A, and (3) waiving service by Applicant of the Application on the Foreign Defendants, the Subpoena Subjects and the Respondents, and of the Order and subpoenas on the Foreign Defendants and the Subpoena Subjects.

Dated: November 7, 2023
      New York, NY

                        Respectfully submitted,

                        By: */s/ Michael W. Ross*

                        Michael W. Ross
                        Emily S. Mannheimer
                        Jenner & Block LLP
                        1155 Avenue of the Americas
                        New York, NY 10036-2711
                        Tel: (212) 891-1669
                        Fax: (212) 909-0840