UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

ERNESTO ANDRADE GROUP,

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct
Discovery for Use in Foreign Proceedings

Case No. 23 Misc. <u>424</u>

**MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* APPLICATION FOR**
<u>**AN ORDER PURSUANT TO 28 U.S.C. § 1782**</u>

JENNER & BLOCK LLP
Michael W. Ross
Emily S. Mannheimer
1155 Avenue of the Americas
New York, NY 10036-2711
Tel: (212) 891-1669
Fax: (212) 909-0840

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTS ................................................................................................................................ 2

      I.      Applicant's Investigation into Pinheiro .................................................... 2

      II.     Applicant's Relationship with Pinheiro ................................................... 3

      III.    Nature of Evidence Sought ...................................................................... 5

      IV.    Likely Treatment of the Evidence by the Court in Brazil ....................... 6

      V.     Impact of Requiring Applicant to Provide Notice to Foreign Defendants or Subpoena Subjects .............................................................. 7

ARGUMENT ...................................................................................................................... 7

      I.      Applicant Should Be Granted Relief Under 28 U.S.C. § 1782 .............................. 7

            A.     Respondents Reside in this District. ............................................. 8

            B.     The Discovery Sought Is for Use in a Proceeding in a Foreign Tribunal.... 9

            C.     Applicant is an Interested Person. ............................................... 10

            D.     Applicant Meets the Discretionary *Intel* Factors. ..................... 10

      II.     Applicant Should Not Be Required To Give Notice. ........................................ 12

CONCLUSION ................................................................................................................. 14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Atvos Agroindustrial Investimentos S.A.*,
    481 F. Supp. 3d 166 (S.D.N.Y. 2020)................................................................... 9-10

*In re Banco Santander (Brasil) S.A.*,
    No. 22-MC-00022, 2022 WL 1546663 (S.D.N.Y. Apr. 6, 2022)................................... *passim*

*In re Catalyst Managerial Servs., DMCC*,
    680 F. App'x 37 (2d Cir. 2017) ......................................................................................10

*In re del Valle Ruiz*,
    939 F.3d 520 (2d Cir. 2019)..............................................................................................8

*Euromepa S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995)............................................................................................11

*Gushlak v. Gushlak*,
    486 F. App'x 215 (2d Cir. 2012) .................................................................................7, 9

*In re Hornbeam Corp.*,
    722 F. App'x 7 ...............................................................................................................12

*In re Hornbeam Corp.*,
    No. 14-mc-424, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F.
    App'x 7 (2d Cir. 2018)....................................................................................................12

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)............................................................................................... *passim*

*In re Investbank PSC*,
    No. 20-mc-260, 2020 WL 8512850 (S.D.N.Y. Dec. 30, 2020).........................................8, 12

*Licci ex rel. Licci v. Lebanese Canadian Bank*,
    732 F.3d 161 (2d Cir. 2013)..............................................................................................8

*Malmberg v. United States*,
    No. 06-cv-1042, 2010 WL 1186573 (N.D.N.Y. Mar. 24, 2010) ...........................................12

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015).........................................................................................8, 9

*Nike, Inc. v. Wu*,
    349 F. Supp. 3d 310 (S.D.N.Y.), *aff'd*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) ........................9

*Ragusa v. United Parcel Serv.*,
   No. 05 Civ. 6187, 2008 WL 4200288 (S.D.N.Y. Sept. 12, 2008) ...........................................12

*In re Speer*,
   754 F. App'x 62 (2d Cir. 2019) ........................................................................................12

**Statutes**

28 U.S.C. § 1782 ................................................................................................ *passim*

Brazil Code of Civil Procedure Article 437, § 1 ...........................................................................7

Applicant Ernesto Andrade Group ("Applicant") by and through its undersigned counsel, Jenner & Block LLP, submits this Memorandum of Law in Support of its *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 ("Application").

## PRELIMINARY STATEMENT

Applicant submits this Application pursuant to 28 U.S.C. § 1782, seeking an order authorizing discovery from certain entities found in this District that are in the business of processing wire transfers in New York City,[1] for use in the pending Foreign Proceedings[2] in Brazil alleging that Pinheiro and the entities he controls are alter egos of one another and that Pinheiro freely moved assets between the entities without consideration. Based on transactions between the entities that Pinheiro controls and entities located in the United States, there is reason to believe that certain of Pinheiro's assets are located in the United States, and Applicant seeks to obtain evidence relating to Pinheiro's transfers in the United States in order to determine the specific location of these assets. The discovery sought in this Application is the same as the discovery sought and ordered by the Court in *In re Banco Santander (Brasil) S.A.*, No. 22-MC-00022, 2022 WL 1546663, at *2 (S.D.N.Y. Apr. 6, 2022).

Between 2006 and 2016, Applicant transferred approximately $7,680,184.94 USD to Pinheiro with the understanding that those funds would be held in an account in FPB Bank in Panama as a way to invest in US denominated currency. *See* Nogueira Decl. ¶ 14. In 2017, FPB Bank informed Applicant that the bank was in liquidation and the funds were gone. *Id.* ¶ 17.

---

[1] Applicant seeks discovery from Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A., Barclays Bank PLC; Bank of America, N.A.; Wells Fargo Bank, N.A. (collectively the "New York Banks"); and The Clearing House Payments Company, LLC ("TCH") (together, the "Respondents"). Mannheimer Decl. ¶ 5.

[2] Unless otherwise indicated, capitalized terms or names not otherwise defined herein shall have the meaning ascribed to them in the Declaration of Antonio de Pádua Soubhie Nogueira executed on October 31, 2023.

In 2020 and 2021, Applicant filed two lawsuits in Brazil seeking to hold Pinheiro and the entities he controls liable for repayment of the approximately $7,680,184.94 and alleging that Pinheiro fraudulently dissipated, misappropriated, assigned, or concealed the assets of the various entities he controls, and took significant steps in order to organize their insolvency and evade his obligation to pay debts owed to Applicant. *Id.* ¶¶ 3-4, 18-25. Because Applicant's $7,680,184.94 was held in Panama as USD and because various entities Pinheiro controls are located in or transact with entities located in the United States, *id.* ¶¶ 6, 13-15, it is reasonable to conclude that transfers of Applicant's funds were made to or from one of Respondents, some of the largest banks in the United States.

The evidence sought through this Application—records relating to wire transfers routed through Respondents in New York City and documents relating thereto—is relevant to plead and prove Applicant's claims in the Foreign Proceedings. For the reasons set forth below, Applicant respectfully requests that the Court grant the Application.

## FACTS

The facts relevant to this Application are set forth below and in the Declaration of Antonio de Pádua Soubhie Nogueira ("Nogueira Decl."). The facts stated in the Nogueira Declaration are incorporated herein by reference.

I.     **Applicant's Investigation into Pinheiro**

Pinheiro is a well-known Brazilian banker and businessman who controls many onshore and offshore companies. Nogueira Decl. ¶ 8. Until at least 2018, Pinheiro and his son Eduardo Rosa Pinheiro controlled the Brickell Group and the Ducoco Group. *Id.* The Brickell Group operates in the financial sector and consists of the following companies: FPB Bank, Inc., BRK S.A. Crédito, Financiamento e Investimento, Brickell Participações S.A., Brickell Fomento Mercantil Ltda., and Alfa Internacional Ltd. *Id.* ¶ 9. The Ducoco Group is one of the largest

2

Brazilian conglomerates that operates in the market of coconut-based products and consists of the following companies: DEC Participações 023 S/A, Malibu Holding S/A, Ducoco Alimentos S/A, Ducoco Produtos Alimentícios S/A, Agrico Plantio S/A, and Ducoco Litoral S/A. *Id.* ¶ 10. In addition, Brasil Agronegócio - Fundo de Investimento em Participações -Multiestratégia was a 40.57% shareholder of Malibu Holding S.A until 2020, when it exited the company. *Id.* Pinheiro is also connected with various holdings and investment funds, including JCLG Holding S/A, Costamar Serviços Administrativos Ltda., Punta Pacífica Imóveis Ltda., Morro Branco Holding S/A, Fundo de Investimento em Participações Two, Fundo de Investimento Pedra Branca ("FIP Pedra Branca"). *Id.* ¶ 11. In addition to his son, Pinheiro's other family members are involved with the companies that comprise the Brickell Group and the Ducoco Group as officers, managers, shareholders, or partners of the companies. *Id.* ¶ 12.

Various transactions between entities that Pinheiro controls and entities located in the United States have been identified in Applicant's due diligence investigation, including transactions with multiple entities registered in Delaware and/or with their principal place of business in New York.  *Id.* ¶ 13.

## II.    Applicant's Relationship with Pinheiro

From 2006 to 2016, Applicant transferred approximately $7,680,184.94 USD to Pinheiro with the understanding that the funds would be held in an account in FPB Bank in Panama. Nogueira Decl. ¶ 14. Applicant understood that the funds would be held in Panama as US dollars, as a way to invest in US denominated currency. *Id.* All account statements that Applicant received from FPB Bank were reported in US dollars. *Id.* ¶ 15. By depositing funds in a Panamanian bank, Applicant would be able to access US dollars and interest rates. *Id.*

In 2016, Pinheiro induced Applicant to take out a loan to pay the Federal Revenue Payment Form (DARF) taxes associated with the repatriation of assets from Panama to Brazil, rather than

withdraw funds from FPB Bank. *Id.* 16. Pinheiro convinced Applicant and other investors that the simultaneous withdrawal of funds from FPB Bank would harm the bank's rating and could affect its liquidity. *Id.* Pinheiro advised that, instead of using the money that customers already had in their accounts, they should take out loans with lower interest rates to pay the DARF. *Id.*

Then, October 2, 2017, Applicant and other Brazilian customers were surprised by news that the Superintendent of Banks of Panama had ordered the liquidation of FPB Bank and taken over its administrative and operational control. *Id.* ¶ 17. Immediately after the Superintendent's intervention, the funds held by FPB Bank for Applicant and other customers stopped being included in the FPB Bank valuation portfolio. *Id.*

Applicant filed a Collection Suit and, in parallel, a Motion to Pierce the Corporate Veil[3] before the 3rd Central Civil Court of the Judicial District of São Paulo (State of São Paulo –SP) against Pinheiro and the entities he controls to collect $7,680,184.94 USD. Nogueira Decl. ¶¶ 18-20. Applicant alleges that although Pinheiro is the beneficial owner of a large conglomerate of companies, he has abused the corporate structure of this conglomerate in a scheme to defraud his creditors and conceal his assets. *Id.* ¶ 22. Applicant alleges that the funds it transferred to Pinheiro were embezzled and that Pinheiro fraudulently dissipated, misappropriated, assigned, or concealed the assets of the various entities he controls, and took significant steps in order to organize their insolvency and evade his obligation to pay debts owed to Applicant. *Id.* ¶ 23. Specifically, the Foreign Proceedings allege that Pinheiro defrauded Applicant by moving the funds Applicant deposited with FPB Bank and commingling the funds with assets held by other entities Pinheiro

---

[3] The Brazilian Civil Code provides that any claim to pierce a corporate veil shall be brought as an additional claim by the plaintiff as part of the existing proceeding and shall be adjudicated separately. After the motion is granted, the defendant is added as a necessary party to the proceeding. This is why the cases are proceeding in parallel. Nogueira Decl. ¶ 20.

controls and that Pinheiro used wire transfers and other transactions in order to abuse the corporate

form and to conceal, misappropriate, or assign property in order to avoid repayment of the debt

owed Applicant. *Id.* ¶¶ 24-25.

The Foreign Proceedings are pending and discovery is about to begin. *Id.* ¶ 29. There will

soon be a financial audit of the companies involved, witness testimony, a request for documents

from the Central Bank of Brazil and the Brazilian Revenue Authority, and a presentation of

evidence gathered in the pending criminal proceedings and in lawsuits filed by other victims. *Id.*

## III.     Nature of Evidence Sought

Because Applicant's $7,680,184.94 was held in Panama as USD and because various

entities Pinheiro controls are located in or transact with entities located in the United States, *id.* ¶¶

13-15, it is reasonable to conclude that transfers of Applicant's funds were made to or from one of

Respondents, some of the largest banks in the United States, s*ee* Declaration of Emily S.

Mannheimer ("Mannheimer Decl.") ¶¶ 5-7. Based on transactions between the entities that

Pinheiro controls and entities located in the United States, there is reason to believe that certain of

Pinheiro's assets are located in the United States, Nogueira Decl. ¶¶ 6, 13, and Applicant seeks to

obtain evidence relating to Pinheiro's transfers in the United States in order to determine the

specific location of these assets, *id.* ¶ 30.

Applicant seeks discovery located in this District from Respondents, which are located in

this District and are in the business of processing wire transfers and payments. Mannheimer Decl.

¶ 4. The Subpoena Subjects represent (a) entities controlled by either Pinheiro, the Brickell Group,

or the Ducoco Group, and (b) family members and known affiliates of Pinheiro, many of whom

are involved with the companies that comprise the Brickell Group and the Ducoco Group as

officers, managers, shareholders, or partners of the companies. Nogueira Decl. ¶¶ 8-12. This

evidence will help Applicant to identify the amount and location of funds fraudulently transferred

through intermediary entities, as well as the path that the funds have followed. *Id.* ¶¶ 30-32. Accordingly, the evidence sought is critical to satisfy Applicant's claims in the Foreign Proceedings.

Applicant seeks the same discovery as what was the Court granted to the plaintiff in *In re Banco Santander*, 2022 WL 1546663, at *1-2. Nogueira Decl. ¶ 31, Mannheimer Decl. ¶ 22. The proposed requests to Respondents, demonstrated in the sample subpoena attached as Exhibit A to the Application, seek limited records relating to wire transactions for which the New York Banks were involved as the originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or where the New York Banks and TCH otherwise facilitated interbank fund transfers, as well as documents relating thereto, for the limited period beginning July 27, 2016 to the present, likely within Respondents' document retention policies. *See* Mannheimer Decl. ¶¶ 4-6, 19-21. Respondents keep electronic records of wire transfers and are thus able to easily search and produce these records in connection with domestic litigation, foreign bankruptcy matters and Section 1782 applications, and produce such records routinely. *Id.* ¶¶ 20-22.

## IV.    Likely Treatment of the Evidence by the Court in Brazil

Respondents are not expected to become parties to the Foreign Proceedings, and as such, this Application constitutes the only practical and timely method for obtaining the necessary evidence for use there. Nogueira Decl. ¶ 33. Indeed, absent the instant Application, the discovery sought would almost certainly remain outside the reach of the Brazilian Court. *Id.* Further, there is no indication the Brazilian Court would not be receptive to the documentary evidence sought through the instant Application, and the Application does not circumvent any proof-gathering restriction under Brazilian law. *Id.* ¶ 34.The evidence sought is likely admissible in the Foreign Proceedings. *Id.*

As for the Foreign Defendants, Brazilian law provides that when a party presents new documents to a proceeding, the other party will have fifteen days to object to such new documents. *See* Brazilian Code of Civil Procedure Article 437, § 1. Nogueira Decl. ¶ 36. Thus, in the event Applicant obtains relevant evidence from Respondents, due process will be respected and the Foreign Defendants will be able to object to the submission of such discovery into evidence. *Id.* ¶ 36.

## V.   Impact of Requiring Applicant to Provide Notice to Foreign Defendants or Subpoena Subjects

Applicant is concerned that if the Foreign Defendants are provided notice of this request and any resulting order, they will take steps to further hide assets. *Id.* ¶ 35. Providing notice of the Application and any resulting order would provide the Foreign Defendants the opportunity to potentially further assign or conceal the assets that Applicant intends to show were misappropriated, and would frustrate and delay Applicant's full understanding of the fraudulent transfers of assets and, ultimately, Applicant's seizure of the assets in the Foreign Proceedings. *See id.*

## ARGUMENT

The Court should grant this *ex parte* Application[4] because Applicant satisfies all of the statutory prerequisites for a 28 U.S.C. § 1782 action, and the discretionary factors all favor granting this Application.

## I.   Applicant Should Be Granted Relief Under 28 U.S.C. § 1782.

Section 1782 provides for "assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248

---

[4] Courts routinely grant 28 U.S.C. § 1782 motions ex parte. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

(2004). The statute provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re Banco Santander*, 2022 WL 1546663, at *1 (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)). In *In re Banco Santander*, under circumstances materially similar to these, the Court found that all three statutory factors were met. *Id.* at *2. Similarly, here, Applicant meets each of the statutory factors.

### A.    Respondents Reside in this District.

Applicant meets the first factor under the statute as all Respondents reside in the District, *In re Investbank PSC*, No. 20-mc-260, 2020 WL 8512850, at *1 (S.D.N.Y. Dec. 30, 2020) (finding each of Respondents here to reside in this District), and the discovery sought results from Respondents' contacts with this District, *In re del Valle Ruiz*, 939 F.3d at 530 ("where the discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery").

Respondents are found in the District. Mannheimer Decl. ¶ 4. *In re Investbank*, 2020 WL 8512850, at *1. In addition, the Second Circuit has held that the repeated use of a correspondent account in New York is, in effect, a "course of dealing" that shows  "purposeful availment" of New York's banking system, *Licci ex rel. Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013) (citation omitted), and establishes sufficient minimum contacts with New York for

a court to compel compliance with subpoenas, *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 332, 346 (S.D.N.Y.), *aff'd*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018). Respondents not only conduct business in this District, but also have long-established connections to New York. They each maintain headquarters or branches in this District. Mannheimer Decl.   ¶¶ 7, 10-19. In addition, the New York Banks are either participants in the Clearing House Interbank Payments System ("CHIPS"), the Federal Reserve's Fedwire Fund Service ("Fedwire"), or a major participant in the clearing of international U.S. Dollar denominated transfers. *Id.* ¶¶ 8-18.

Further, the discovery sought directly relates to Respondents' contacts with this District, weighing in favor of granting discovery. *Nike, Inc.*, 349 F. Supp. 3d 310. The requested discovery relates to wire transfers, payments, and documents relating thereto routed through Respondents in New York City revealing transactions of value made in fraud of Applicant's rights, in order to conceal, misappropriate, or assign the Foreign Defendants' property and avoid repayment of the debt owed to Applicant. Nogueira Decl. ¶¶ 21-25, 30-32; Mannheimer Decl. ¶¶ 4-6. Respondents' business of processing wire transfers and payments depends on their use of their contacts in New York and the subject of the discovery sought through this Application. Mannheimer Decl. ¶¶ 6-7. Applicant has thus satisfied the first requirement under § 1782.

**B.      The Discovery Sought Is for Use in a Proceeding in a Foreign Tribunal.**

Applicant meets the second requirement under the statute as Applicant intends to use the discovery sought "in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). *Gushlak v. Gushlak*, 486 F. App'x 215, 218-19 (2d Cir. 2012). Applicant seeks to use the discovery in order to advance its claims in the pending Foreign Proceedings before the court of São Paolo. Nogueira Decl. ¶¶ 6, 30-32; Mannheimer Decl. ¶¶ 4-6. Use of discovery before the court of São Paulo in Brazil is "expressly contemplated" by the statute. *See In re Banco Santander*, 2022 WL 1546663, at *2 (citing *Mees*, 793 F.3d at 299; *In re Atvos Agroindustrial Investimentos S.A.*, 481

9

F. Supp. 3d 166, 174-75 (S.D.N.Y. 2020)). Applicant thus meets the second requirement under Section 1782.

### C.       Applicant is an Interested Person.

As the court found in *In re Banco Santander*, Applicant meets the third requirement that the application be made by an "interested person" as Applicant is the plaintiff in the Foreign Proceedings. Nogeuira Dec. ¶ 3. *In re Banco Santander*, 2022 WL 1546663, at \*2.

### D.       Applicant Meets the Discretionary *Intel* Factors.

In addition to the statutory factors, the Court may also consider a non-exclusive list of factors (the "*Intel* factors"), including: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign ... court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38-39 (2d Cir. 2017) (quoting *Intel Corp.*, 542 U.S. at 264-65) (internal quotation marks omitted). As in *In re Banco Santander*, each discretionary factor weighs in favor of granting relief. 2022 WL 1546663, at \*2.

*First*, there is no expectation that any of Respondents will be participants in the Foreign Proceedings. Nogueira Dec. ¶ 33. As such, this Application constitutes the only practical and timely method for obtaining the needed evidence for use there. *Id*. Indeed, absent the relief sought here, the evidence would almost certainly remain outside the reach of the Brazilian courts. *Id*. Thus, the first factor weighs in favor of granting relief. *See In re Banco Santander*, 2022 WL 1546663, at \*2. Further, since Respondents will likely not be parties to the Foreign Proceedings, the need for the evidence sought herein through the instant Application is more apparent and this factor

weighs in favor of granting recognition. *Intel Corp.*, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad").

*Second*, there is no indication that the foreign tribunal would be unreceptive to the evidence. Nogueira Decl. ¶ 34. Thus, the second factor weighs in favor of grating relief. *See In re Banco Santander*, 2022 WL 1546663, at *2. "Absent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995).

*Third*, the documentary and testimonial evidence sought through the instant Application would likely be admissible in the Foreign Proceedings and does not otherwise circumvent any proof-gathering restriction under the laws of Brazil. *See* Nogueira Decl. ¶ 34. *See In re Banco Santander*, 2022 WL 1546663, at *2.

*Fourth*, this Application is not unduly intrusive or burdensome because it is of limited scope and because the Application seeks the same discovery that was granted to the plaintiff in *In re Banco Santander*, 2022 WL 1546663, at *2. Nogueira Decl. ¶ 31; Mannheimer Decl. ¶¶ 20-22. The proposed requests to Respondents, demonstrated in the sample subpoena attached as Exhibit A to the Application, seek limited records relating to wire transactions for which the New York Banks were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or where the New York Banks and TCH otherwise facilitated interbank funds transfers, as well as documents relating thereto, for the limited period beginning July 27, 2016 to the present. This period is likely within Respondents' document retention policies and the documentary evidence sought is of the type that Respondents regularly and easily retrieve and produce as third parties or actual parties in litigation. Mannheimer Decl. ¶ 20-22.

11

For the foregoing reasons, each discretionary factor identified by the *Intel* Court weighs in favor of granting the Application.

## II.     Applicant Should Not Be Required To Give Notice.

Applicant respectfully requests that it not be required to serve the Application upon: (i) the Foreign Defendants, (ii) the Subpoena Subjects, or (iii) Respondents. Applicant further requests that, should the Court grant this Application, Applicant not be required to serve: (i) the Foreign Defendants, or (ii) the Subpoena Subjects, with the order granting the Application and the subpoenas issued to Respondents.

It is within the Court's discretion to "prescribe" that third party subpoenas need not be served on parties to the underlying litigation, 28 U.S.C. § 1782(a), and this Court has previously found that notice on the same Foreign Defendants, Subpoena Subjects, and Respondents was not required, *In re Banco Santander*, 2022 WL 1546663, at *2. The chance that the Foreign Defendants or Subpoena Subjects will tamper with evidence upon notice of the Application justifies an exception to the usual requirement that notice be given. *See id.*, 2022 WL 1546663, at *2; *In re Investbank*, 2020 WL 8512850, at *2; *In re Hornbeam Corp.*, No. 14-mc-424, 2015 WL 13647606, at *5 n.14 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018).

Courts in this Circuit have exercised such discretion and declined to quash subpoenas automatically based on the lack of notice absent some showing of prejudice. *In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019) (citing *Malmberg v. United States*, No. 06-cv-1042, 2010 WL 1186573, at *2 (N.D.N.Y. Mar. 24, 2010); *Ragusa v. United Parcel Serv.*, No. 05 Civ. 6187, 2008 WL 4200288, at *1 (S.D.N.Y. Sept. 12, 2008); *see also In re Hornbeam Corp.*, 722 F. App'x 7, 11 ("finding 'no abuse of discretion' in a district court's decision not to quash or vacate a subpoena based on a finding that the movant 'did not establish prejudice from the lack of notice'")).

Here, the discovery sought from Respondents will assist Applicant in advancing its claims in the Foreign Proceedings by helping Applicant to identify the amount and location of funds fraudulently transferred through intermediary entities, as well as the path that the funds have followed. Nogueira Decl. ¶ 30. Applicant has alleged that the Foreign Defendants have fraudulently dissipated, misappropriated, assigned, or concealed their assets, and taken significant steps in order to organize their insolvency and evade their obligation to pay debts owed to Applicant. *Id.* ¶¶ 23, 30. Therefore, should the Court grant the Application, being required to provide notice of the Application and order to the Foreign Defendants or Subpoena Subjects would provide them the opportunity to further assign or conceal the assets that Applicant intends to show were misappropriated, and would frustrate and delay Applicant's full understanding of the fraudulent transfers of assets and, ultimately, Applicant's recovery of the funds due. *See id.* ¶ 35. Conversely, there would be no prejudice to Foreign Defendants as they would be permitted to adjudicate the admissibility of any discovery received by Applicant in the Foreign Proceedings at the appropriate time. *Id.* ¶ 36. Under such circumstances, a request for waiver of notice is appropriate. *See In re Banco Santander*, 2022 WL 1546663, at *2 (finding there was no prejudice to the foreign defendant because the foreign defendant could adjudicate the admissibility of the evidence in the foreign proceeding).

In light of the foregoing, the lack of notice of the Application would not prejudice the Foreign Defendants, the Subpoena Subjects, or Respondents. Likewise, the lack of notice of any resulting order and subpoenas to Respondents would not prejudice the Foreign Defendants or the Subpoena Subjects. Therefore, as the Court previously found in the *In re Banco Santander* proceedings, the Court should not require Applicant to give such notice here. 2022 WL 1546663, at *2.

**CONCLUSION**

WHEREFORE, Applicant meets the statutory requirements under 28 U.S.C. § 1782 and

the *Intel* discretionary factors, and this Application for an Order in the proposed, or substantially

similar form as submitted with the Application, should be granted.


Dated: November 7, 2023
       New York, NY


                                            Respectfully submitted,

                                            By: */s/ Michael W. Ross*

                                            Michael W. Ross
                                            Emily S. Mannheimer
                                            Jenner & Block LLP
                                            1155 Avenue of the Americas
                                            New York, NY 10036-2711
                                            Tel: (212) 891-1669
                                            Fax: (212) 909-0840