UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE: ERNESTO ANDRADE GROUP      :         OPINION AND ORDER
                                      :         23 Misc. 424 (VSB) (GWG)

---------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

I.     BACKGROUND

       Ernesto Andrade Group ("EAG") applies pursuant to 28 U.S.C. § 1782 for an order

authorizing EAG to issue and serve subpoenas duces tecum on nine banks and The Clearing

House Payment Company, LLC ("TCH") (collectively, "respondents").[1]  EAG intends to use the

evidence called for by the subpoenas to make claims in a pending civil proceeding in the 3rd

Central Civil Court of the Judicial District of São Paulo of Brazil.  See Mem. at 1, 4.  In that

proceeding, EAG seeks repayment of approximately $7,680,184.94 from an individual named

Nelson Nogueira Pinheiro on the basis that he "fraudulently dissipated, misappropriated,

assigned, or concealed the assets of the various entities he controls, and took significant steps in

order to organize their insolvency and evade his obligation to pay debts owed to [EAG]."  Id. at

2.  EAG seeks discovery "relating to wire transfers routed through Respondents in New York

City and documents relating thereto."  Id.  EAG notes that the subpoenas seek "the same"

discovery that was sought by and granted to another entity in a section 1782 application in In re

---

     [1]  See Ex Parte Application of Ernesto Andrade Group, filed Nov. 7, 2023 (Docket # 1)
("Application"); Declaration of Antonio De Pádua Soubhie Nogueira, filed Nov. 7, 2023 (Docket
# 3) ("Nogueira Decl."); Declaration of Emily S. Mannheimer, filed Nov. 7, 2023 (Docket # 4)
("Mannheimer Decl."); Memorandum of Law in Support, filed Nov. 7, 2023 (Docket # 5)
("Mem.").

     The nine banks are Citibank, N.A.; The Bank of New York Mellon; Société Générale,
New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.;
Barclays Bank PLC; Bank of America, N.A.; Wells Fargo Bank, N.A.  See Application at 1.

<u>Banco Santander (Brasil) S.A.</u>, 2022 WL 1546663 (S.D.N.Y. Apr. 6, 2022).  <u>See</u> Mem. at 1;

Nogueira Decl. ¶ 31.

II.     <u>DISCUSSION</u>

      "In ruling on an application made pursuant to section 1782, a district court must first

consider the statutory requirements and then use its discretion in balancing a number of factors."

<u>Brandi-Dohrn v. IKB Deutsche Industriebank AG</u>, 673 F.3d 76, 80 (2d Cir. 2012).  As a

threshold matter, an application for discovery under section 1782 must meet the following

requirements: "(1) the person from whom discovery is sought resides (or is found) in the district

of the district court to which the application is made, (2) the discovery is for use in a foreign

proceeding before a foreign tribunal, and (3) the application is made by a foreign or international

tribunal or any interested person."  <u>Id.</u>; <u>accord</u> 28 U.S.C. § 1782(a).

      Here, each of section 1782(a)'s requirements are met.  <u>Accord</u> <u>In re Inv. Bank PSC</u>, 567

F. Supp. 3d 449, 451 (S.D.N.Y. 2021).  EAG provided evidence that the nine banks and TCH

maintain offices and do business within the Southern District of New York.  <u>See</u> Mannheimer

Decl. ¶¶ 10-19.  The requested discovery is for use in a civil proceeding in a foreign tribunal:

that is, a pending civil proceeding in the 3rd Central Civil Court of the Judicial District of São

Paulo of Brazil.  <u>See</u> Mem. at 1; Nogueira Decl. ¶¶ 18-20, 30.  Finally, the application is made

by a litigant in that proceeding, EAG, "which is obviously a party 'interested' in the underlying

proceeding."  <u>In re Inv. Bank PSC</u>, 567 F. Supp. 3d at 451; <u>see</u> Nogueira Decl. ¶ 3.

      Once section 1782(a)'s threshold requirements are met, "a district court is free to grant

discovery in its discretion."  <u>In re Application for an Ord. Permitting Metallgesellschaft AG to</u>

<u>take Discovery</u>, 121 F.3d 77, 78 (2d Cir. 1997) (internal citation omitted).  In <u>Intel</u>, the Supreme

Court articulated four factors that courts may consider in exercising that discretion: (1) whether

"the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004); accord In re DNG FZE, 2024 WL 124694, at *1-2 (S.D.N.Y. Jan. 11, 2024). "The Intel factors are not to be applied mechanically. A district court should also take into account any other pertinent issues arising from the facts of the particular dispute." Kiobel by Samkalden v. Cravath, Swaine & Moore LLP, 895 F.3d 238, 245 (2d Cir. 2018). "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." In re Metallgesellschaft, 121 F.3d at 79 (punctuation and citation omitted).

On the current record, each of the discretionary factors weighs in favor of granting the Application. First, none of the respondents are expected to participate in the foreign proceeding. See Mem. at 10. Second, there is no evidence presented that suggests the foreign tribunal would be unreceptive to materials produced pursuant to this Application. See Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."). Third, it does not appear that EAG is attempting to circumvent foreign evidentiary restrictions. See Nogueira Decl. ¶ 34.

Fourth, because the discovery sought here has already been granted against the same respondents, see In re Banco Santander (Brasil) S.A., 2022 WL 1546663, at *2, it will be neither burdensome nor unduly intrusive, see Mem. at 11.

Accordingly, EAG's Application to serve the subpoenas is granted.  EAG may serve the subpoenas duces tecum in the form annexed as Ex. A to the Application.  All proceedings in relation to those subpoenas shall be in accordance with the Federal Rules of Civil Procedure.  Any dispute regarding the subpoenas may be presented to the Court in accordance with the Court's Individual Practices.

The subpoena recipients are ordered to preserve all relevant and potentially relevant evidence in their possession, custody, or control until such time as EAG communicates to them that the preservation is no longer necessary or until further order of this Court.

Finally, EAG seeks relief from providing certain notices.  First, EAG seeks to be relieved of the duty to serve the Application on the defendants in the Brazilian action, on the "Subpoena Subjects,"[2] (basically, persons or entities related to defendants), and on the respondents.  See Mem. at 12.  Second, EAG requests that it not be required to serve the defendants and the Subpoena Subjects with notice of the service of the subpoenas or with the Court's order granting the Application.  See id.

As to the first point, the Second Circuit has recognized the appropriateness of granting applications under section 1782 ex parte.  See In re Hornbeam Corp., 722 F. App'x 7, 10 (2d Cir. 2018) ("This court has decided appeals from motions to quash ex parte § 1782 subpoenas

---

[2]  The Subpoena Subjects are "(a) entities controlled by either Pinheiro, the Brickell Group, or the Ducoco Group, and (b) family members and known affiliates of Pinheiro, many of whom are involved with the companies that comprise the Brickell Group and the Ducoco Group as officers, managers, shareholders, or partners of the companies."  Mem. at 5; see Nogueira Decl. ¶¶ 8-12

without identifying any impropriety in the <u>ex parte</u> nature of the § 1782 application.”); <u>Gushlak</u>

<u>v. Gushlak</u>, 486 F. App'x 215, 217 (2d Cir. 2012) (“[I]t is neither uncommon nor improper for

district courts to grant applications made pursuant to § 1782 <u>ex parte</u>.”).  Thus, district courts

“routinely grant such petitions <u>ex parte</u>.”  <u>In re Zarzur</u>, 2024 WL 81517, at *1 (S.D.N.Y. Jan. 8,

2024).

 As to the second point, case law suggests that the applicant must ordinarily provide any

adverse party in the foreign proceeding with notice of service of a subpoena.  <u>See In re</u>

<u>Hornbeam Corp.</u>, 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015), <u>aff'd</u>, 722 F. App'x 7

(2d Cir. 2018); <u>accord</u> <u>In re Inv. Bank PSC</u>, 567 F. Supp. 3d at 452.  However, case law permits

exceptions to the presumptive notice requirement where “countervailing interests support a

party's need to take discovery in secret.”  <u>In re Hornbeam Corp.</u>, 2015 WL 13647606, at *5 n.14.

Given the nature of the action, we agree that notice to the defendants or to the Subpoena Subjects

would provide them with “the opportunity to further assign or conceal the assets that [EAG]

intends to show were misappropriated.”  <u>See</u> Mem. at 13; <u>see also</u> <u>id.</u> at 7.  Additionally, we do

not see how lack of notice could prejudice the defendants or Subpoena Subjects, particularly

since the defendants may “adjudicate the admissibility of any evidence at the appropriate time

regardless of whether notice is given.”  <u>In re Banco Santander (Brasil) S.A.</u>, 2022 WL 1546663,

at *2.

III. <u>CONCLUSION</u>

 Accordingly, the Application (Docket # 1) is granted. EAG is relieved of the obligation to

serve the application on any party and is hereby authorized to serve the proposed subpoenas on

respondents.  At the same time the respondents are served the subpoenas, EAG shall serve

respondents with a copy of this Order.  Respondents shall file any motion for relief, including any motion to quash or modify a subpoena, within thirty days of service.

      SO ORDERED.

Dated: January 18, 2024
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge