UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:  Ernesto Andrade Group               :         No. 23 Misc. 424 (VSB) (GWG)
:
:
---------------------------------------------------------------x

PROTECTIVE AGREEMENT AND ORDER

WHEREAS, Plaintiff Ernesto Andrade Group ("Plaintiff") served a subpoena *duces tecum* dated January 22, 2024 (the "Subpoena") on non-party JPMorgan Chase Bank, N.A. ("JPMCB") in this action (the "Action"); and

WHEREAS, the Subpoena calls for the production of documents in JPMCB's possession containing information that includes confidential information; and

WHEREAS, compliance with the Subpoena will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and JPMCB, by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by JPMCB to Plaintiff in response to the Subpoena and to any future subpoena that Plaintiff may serve on JPMCB in connection with the Action.

2. The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by JPMCB in response to the Subpoena that JPMCB, after reviewing such record, spreadsheet or other document, reasonably and in good faith believe constitutes or reveals:  (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning

individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws.  "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by JPMCB.  JPMCB may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3. If Plaintiff contends that materials designated by a producing bank should not be deemed Confidential Information under this Protective Agreement and Order, it shall notify JPMCB of its position within 14 days from the receipt of such designation.  Upon JPMCB's receipt of such notification, Plaintiff and JPMCB shall meet and confer within seven days to attempt to resolve the dispute by agreement.  If Plaintiff and JPMCB are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4. Plaintiff and its counsel shall use Confidential Information only in connection with, and during the pendency of, (i) the Action; (ii) any future judgment enforcement proceeding brought by Plaintiff to enforce a judgment in its favor entered in the Action; (iii) the foreign proceedings to which the Action relates – namely, Collection Suit No. 1090598-76.2020.8.26.0100 (filed on September 28, 2020) against debtor Nelson Nogueira Pinheiro ("Pinheiro") and the related Motion to Pierce the Corporate Veil No. 0007040-92.2021.8.26.0100 (filed on February 24, 2021), Motion to Pierce the Corporate Veil No. 0007040-92.2021.8.26.0100 (filed on filed April 13, 2021), Motion to Pierce the Corporate Veil No. 0015364-71.2021.8.26.0100 (filed on April 13, 2021), Motion to Pierce the Corporate Veil No. 0015679-02.2021.8.26.0100 (filed April 13, 2021), and Motion to Pierce the Corporate Veil No. 0015680-84.2021.8.26.0100 (filed on April 13, 2021), all pending before the Court of São

Paulo-SP in Brazil; and (iv) the criminal investigations in both Brazil federal court and state court related to the Action,[1] as well as new investigations into Nelson Nogueira Pinheiro and related entities that may be initiated based on the results of the pending investigations (the proceedings in Brazil being referred to collectively as the "Foreign Proceedings").

5.   Documents produced by JPMCB and designated Confidential may be filed with the Court of São Paulo-SP in Brazil, the Federal Court of São Paulo, or the State Court of São Paulo in the Foreign Proceedings, but only on the condition that confidential identifying information – *i.e.* account numbers, codes, social security numbers, taxpayer identification numbers, employer identification numbers, passwords, and information that may be used for identity theft – be redacted from such documents, before they are filed, to the extent such information is not necessary to advance the purpose or objective of the filing, or that the documents be filed under seal.  To the extent Plaintiff intends to file publicly – in this Court or in the Foreign Proceedings – Confidential Information without redacting confidential identifying information, contending that such confidential identifying information is relevant or necessary, JPMCB shall have the right to apply to this Court, before the Confidential Information is filed in this Court or in the Court of São Paulo-SP in Brazil, for an order sealing, removing or barring the public filing of the Confidential Information.  Plaintiff agrees that any order of this Court shall be binding on the Court of São Paulo-SP in Brazil and shall not contest in Brazil the validity or enforceability of any such order.  Plaintiff and JPMCB agree to act in good faith to try to resolve any dispute under this paragraph without having to involve the Court.

6.   Nothing in this Confidentiality Agreement will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena

---

[1] Case Nos. 008629-02.2021.4.03.6181 and 2024.0041897, before the Federal Court of São Paulo, and Case No. 1524117-25.2023.8.26.0050, before the State Court of São Paulo.

3

or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request will provide written notice to the producing person at least 10 days before any disclosure or otherwise with as many days' notice as is permitted by the time allowed under the request.  Upon receiving such notice, JPMCB shall have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

      7.      Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and the Foreign Proceedings:

    a.    Counsel who represent parties in the Action and in the Foreign Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

    b.    Experts or consultants assisting counsel for those parties in the Action and in the Foreign Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

    c.    Potential, anticipated and actual witnesses, and their counsel, in the Action or the Foreign Proceedings, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

    d.    The Court in the Action and any court in the Foreign Proceedings; and

  e. Court reporters employed in connection with the Action or the Foreign Proceedings.

  8. Before counsel may show or disclose Confidential Information pursuant to Section 7 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order.  Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 7 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or any Foreign Proceedings.

  9. The inadvertent disclosure by JPMCB of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and JPMCB shall have the right to have the document or information returned to its counsel.  Nor shall this Protective Agreement and Order be construed as requiring JPMCB, or any of their respective branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction.  The inadvertent disclosure in violation of any such law shall not be considered a waiver of JPMCB's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

  10. The obligations under this Protective Agreement and Order shall survive the termination of the Action and of any Foreign Proceedings and shall continue to bind Plaintiff, JPMCB, and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

5

11.     This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to New York's conflict-of-law principles.  Any motion or proceeding related in any way to this Protective Agreement and Order, or to any dispute as to JPMCB's compliance with the Subpoena, shall be brought in the United States District Court for the Southern District of New York.  The parties hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue in the Southern District of New York

12.     Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

13.     The parties may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

14.     JPMCB's entry into this Protective Agreement and Order shall not be deemed a waiver of any of its objections or defenses to the Subpoena or to any subsequent subpoena that Plaintiff may serve on JPMCB.

Dated: May 31, 2024
New York, New York

| | |
|---|---|
| JENNER & BLOCK | BRAVERMAN GREENSPUN, P.C. |
| By: */s/ Michael Ross* | By: */s/ Steven B. Feigenbaum* |
| Michael Ross | Steven B. Feigenbaum |
| Emily Mannheimer | 110 East 42nd Street, 17th Floor |
| 1155 Avenue of the Americas | New York, NY 10017 |
| New York, NY 10036-2711 | (212) 682-2900 |
| emannheimer@jenner.com | sfeigenbaum@braverlaw.net |
| | |
| By: */s/ Antonio de Pádua Soubhie Nogueira* | *Attorneys for Non-Party JPMorgan Chase Bank, N.A.* |
| Antonio de Pádua Soubhie Nogueira | |
| Antonio de Pádua Soubhie Nogueira Advocacia | |
| 198 Alameda Santos, | |
| São Paulo, SP CEP 01418-102 | |
| apn@apnadv.com.br | |
| | |
| By: */s/ Vitor Alexandre de Oliveira e Moraes* | |
| Vitor Alexandre de Oliveira e Moraes | |
| San Juan Araujo Advogados | |
| 220 Rua do Rocio | |
| São Paulo, SP CEP 04552-903 | |
| vitor@sjaadvogados.com.br | |
| | |
| *Attorneys for Plaintiff* | |

7

SO ORDERED			Date:  May 31, 2024

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

8

# EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

   I have been informed that on _____, 2024, the United States District Court for the Southern District of New York entered a Protective Agreement and Order (the "Protective Order") in the litigation entitled *In re Ernesto Andrade Group*, Case No. 23 Misc. 424 (VSB) (GWG) (S.D.N.Y.). I have read the Protective Agreement and Order and agree to abide by its obligations as they apply to me. I will hold in confidence, and not disclose to anyone not qualified under the Protective Agreement and Order, any Confidential Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me. I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding related to the Protective Agreement and Order, including my receipt or review of information that has been designated as "Confidential Information." I acknowledge that my duties under the Protective Agreement and Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Agreement and Order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____